UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEMO FAMILY CHARITABLE FOUNDATION, et al., | No.  2:14-cv-0662 KJM CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| DEEPAL WANNAKUWATTE, et al., | |
| Defendants. | |

A notice of filing bankruptcy was filed July 14, 2014 on behalf of defendants Deepal S. Wannakuwatte and International Manufacturing Group ("IMG").  This action is therefore stayed as against these defendants.[1]  See 11 U.S.C. § 362.  The case remains active as against the remaining named defendants.[2]

/////

---

[1] Defendants RelyAid and Relyaid Tattoo Supply are DBAs of IMG and are therefore also subject to the automatic stay provisions of 11 U.S.C. § 362.  The Trustee indicated that it was not known at the time of filing the notice whether the other named defendants are separate entities and also subject to the stay.  It appears that defendants Betsy and Sarah Wannakuwatte are separate entities and are not subject to the stay.

[2] Prosecuting this action against only some of the defendants who are not subject to the automatic stay will result in piecemeal litigation.  The court will accordingly entertain a request by plaintiffs to stay the entire action pending resolution of the bankruptcy proceedings.

1

Accordingly, IT IS HEREBY ORDERED that:

1. No later than August 15, 2014, plaintiffs shall file a request to stay the entire action or file a statement that a stay is not requested as to the defendants who have not filed a bankruptcy petition.

2. No later than August 15, 2014, Trustee Beverly McFarland shall advise the court of any updated information regarding whether other named defendants in this action are subject to the automatic stay provisions.  The Clerk of Court is directed to serve a copy of this order on counsel for the Trustee in U.S. Bankruptcy Court, Eastern District of California, Bankruptcy Petition #:  14-25820, Thomas Willoughby, Felderstein Fitzgerald Willoughby & Pascuzzi, LLP, 400 Capitol Mall, Suite 1750, Sacramento, CA   95814.

3. A Status (Pretrial Scheduling) Conference is set for September 24, 2014 at 10:00 a.m. in courtroom no. 24 before the undersigned.   All parties shall appear by counsel or in person if acting without counsel.

4. Not later than fourteen (14) days prior to the Status Conference, the parties shall file status reports addressing the following matters:

    a.  Service of process;

    b.  Possible joinder of additional parties;

    c.  Any expected or desired amendment of the pleadings;

    d.  Jurisdiction and venue;

    e.  Anticipated motions and their scheduling;

    f.  The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

    g.  Future proceedings, including setting appropriate cut-off dates for discovery and law and motion, and the scheduling of a pretrial conference and trial;

    h.  Special procedures, if any;

    i.  Estimated trial time;

    j. Modification of standard pretrial procedures specified by the rules due to the simplicity or complexity of the proceedings;

   k. Whether the case is related to any other cases, including bankruptcy;

   l. Whether a settlement conference should be scheduled;

   m. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of her so acting, or whether they prefer to have a settlement conference before another judge;

   n. Any other matters that may add to the just and expeditious disposition of this matter.

  5. Counsel and parties proceeding in propria persona are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 160). In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

  6. The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Ninth Circuit Court of Appeals. See 28 U.S.C. § 636(c). The form for consent to trial by a magistrate judge is attached. Any party choosing to consent may complete the form and return it to the Clerk of the Court.

Dated: August 1, 2014

              _____
              CAROLYN K. DELANEY
              UNITED STATES MAGISTRATE JUDGE

4 cemo.statset